Good morning, Your Honor. May it please the Court, my name is Francisco de Allen and I'm representing Gabriel Alvarez-Moreno in this appeal. In reading the government's Are you counsel at the trial as well? I'm sorry? Were you counsel in the district court? I was. You filed this motion? Yes. All right. In reading the government's brief, it seems apparent that they concede that there was no written waiver of a jury trial, nor was there an inquiry by the court or consent by the government, at least no written consent. Let me ask you this. Suppose you just appealed that, the judgment, rather than all this other stuff that occurred. I think we'd still be able to appeal. What do you think would have been the result? Reversal. And then what would have been the remedy by the court of appeal? Remand with a retrial, I would suspect. Right. Okay. So why is this all different here? Well, it's because we never asked for a new trial. I honestly thought, to be frank, that the court was just going to deny the motion and proceed to sentencing and that we would proceed on appeal. What I think makes this different is that the court interpreted my pleading as a motion for a new trial, and the law is fairly straightforward that unless the defendant asks for a new trial, you don't give him one. Likewise, with regard to the mistrial, the government asked the court to declare a mistrial at a point where the trial is already over. There is no trial to mistry at that point. I think at that point it would be more like granting a new trial motion. I'm sorry? When the district court said, okay, I can alternatively grant a mistrial after he had already determined the defendant's guilt, that was more like granting a new trial at that point. I would think so, but again, I haven't been able to find any authority for a mistrial to be granted after a verdict has already been issued, and that's the problem that I see with granting a mistrial under those circumstances. If anything else So where we're left, then, is that if the – if you had appealed, you would have gotten a new trial, but that there's no way, and this may be true, for the district judge, unless you file for a new trial, ask for a new trial, to fix the problem himself, rather than having the appeal go forward and have a new trial. That's the way I read Rule 33, that unless there's a specific request, and even the cases that I've cited where there's been a motion for a new trial to fix the problem. So what the judge should have said to you was either make a motion for a new trial or appeal, or you're going to serve your sentence. Yes. I think those would have been the choices. I was – So you presented him a motion that you thought he should have denied? Yes, because, as is pointed out, that's – Well, that seems kind of ridiculous to me. I wanted to bring to the Court's attention the fact that I thought – Well, for what reason? I mean, if you thought he – I don't understand. Well, it was obvious to me that there was a structural error in the way the trial had proceeded. And as – So you want to say, okay, Judge, you screwed up, but don't do anything. You brought this up after the verdict. Yes. So you took a risk, might get acquitted, but now that he's convicted, now I want you to not do anything. I didn't take the risk. I didn't take the risk because I didn't realize that we hadn't filed the motion. It just went past me, that we hadn't filed the waiver of jury trial. It wasn't raised by the Court and it wasn't raised by the prosecution. And as I mentioned in the brief, it was after that, when I was preparing for a separate trial, where we were also going to have a bench trial, that I realized, and I read Duarte y Gareda, that I realized there's a serious problem here. And I brought it to the Court's attention in the motion to vacate the verdict. I probably should have filed a notice of error and not asked for anything. And the Court would have said – The motion you made was a Rule 29 motion? It was not under any rule. It was just a motion to vacate the verdict. So let me ask you this. Why does Jeopardy – so you ended up having to file a motion to dismiss, correct? Yes. On the grounds of double jeopardy. Because the trial judge granted a new trial under Rule 33 when I hadn't asked for one, or – Now, presumably he did that because there had been this legal error. Correct. Why does that lead to double jeopardy under all these circumstances? Because the matter had already proceeded to verdict and there – So Jeopardy attached. I'll grant you that. But why – you know, but that isn't necessarily – every instance means that a retrial is precluded. Well, no, but there's a number of cases that say where the Court does construe a motion as a motion for new trial and issues an order granting a new trial, that it may implicate double jeopardy. Okay. So why does this – if the underlying problem here was a legally procedural error, a legal procedure error, why does what he did implicate double jeopardy? Well, and I guess it is because it's a procedure. I think it would have been more appropriate for the judge to proceed to sentencing. It would have come up to this Court. This Court probably would have reversed and it would have remanded with a new trial. So I don't know if we can order a new trial. Let's take it right now. Why isn't our appropriate response now to say, well, the judge can't order a new trial on – as things now exist, but what should happen is you should all go back, we should vacate the verdict, send everything back to the trial judge and say, now, put him to the test and tell the defendant that he either has to make a motion for a new trial, take an appeal from the verdict, or, in other words, why don't we just go back to where we should have been, which is putting you to that test. Get rid of the new trial, but say – so you'd win to that degree. The new trial wouldn't happen – the new trial order would be vacated, but you would now have a choice to do what should have happened the first time. You either make a motion for a new trial, you appeal, or you lose. Well, I suppose, in thinking about what this Court could have done, I – it occurred to me that what the Court could do is simply vacate the order for a new trial, reinstate the verdict, and he could be in the – Right. And go back to that stage, and that stage, at that stage, that's what should have happened. He should have said to you, if you – you can't just make a non-motion. You have to either move for a new trial, take the verdict, take the – go to sentence, you take a judgment and appeal, or give it up. I think that's probably what should have happened, as I say. But why shouldn't it happen now? I'm not – I'm not sure. This is a very – Would we have to say that the threat – that doing that poses the threat of a double jeopardy problem? I think it does. I think it does. But because of the Rule 33 language, unless the defendant asks for it, a new trial is not authorized. And regardless of my argument to the Court that he shouldn't do that, in fact, I asked him to vacate the order. I gather you could go back down and say, Judge, despite what the court of appeal did, do whatever you want to do, and we'll take it up later. Yeah. We might have to go to trial. And you're setting this for a new trial. He might give you a sentence that your defendant can live with. Yeah. I'm sorry? He may give you a sentence that a defendant can live with. It might turn out to be that way, yes. Okay. Let's hear from the government and see if they can help us with this sort of odd situation. May it please the Court, I'm Bob Miskol from the U.S. Attorney's Office in Tucson on behalf of the United States. I think the government's position Are you the U.S. attorney on this case? No, I was not. I think the government's position on this appeal is pretty straightforward. As Mr. Leone mentioned, there's no question that what is required to have a valid waiver of a jury trial did not occur in this case. Right. Because of that, the defendant moved to vacate the verdict. However, that motion is characterized for double jeopardy purposes, if a conviction is vacated for any reason other than sufficiency of the evidence, there is no double jeopardy implication. Well, why is that true if the district court had no procedurally proper way to do it? In other words, or put another way, it seems to me that the rule that says that if you're making a legal challenge, you get a new trial, is dependent on the defendant doing something affirmative, either moving for a new trial or taking an appeal. At that point, the concept is essentially that he's waived any objection, because he's asking for this revision, and he can get a new trial. And then there's a corollary to that that says, but you can't get a new trial if the challenge is on sufficiency. So if he doesn't do any of those things, then there's a verdict, and why isn't it double jeopardy? That isn't to say that it's right. I mean, I still think that we should probably go back and start over again. But why isn't it at least arguably double jeopardy? I think the answer to that is because the double jeopardy clause is a protection for the defendant to make sure the defendant's kind of in control of what's going on. Exactly. So if he hasn't filed for a new trial and he hasn't filed an appeal, then can a district judge, sua sponte, do anything? Well, the district judge should not do something sua sponte. The district judge was responding to a motion to vacate that the dependent made. But it wasn't a motion for a new trial, and it wasn't an appeal. But the defendant was the one asking for relief. Now, whether how was it? But that wasn't the relief. The relief he was asking for was not relief to do it all over again. The relief was to have the verdict vacated, nor the finding of guilt. I mean, if he had – if the judge had just – let me just play this through for a minute. If the judge had just vacated the verdict, his judgment, or his finding of guilt and said, okay, that's vacated, I have this, that didn't mean – that automatically wouldn't result in a dismissal of the indictment, right? That is correct. So then the district court would have in front of it this matter that had to be resolved. And I gather that at that point, there would have been two ways to resolve it. One, the defendant could have pled guilty, right? Right. Correct. Or the district court said, okay, we're going to do the trial all over. Right. And that's essentially what the Court did in this case. And again, the defendant made the motion to vacate the verdict. Once the verdict is vacated under double – clearly established double jeopardy principles, there's no double jeopardy problem with a retrial. But what the judge actually did was say, either I'm going to construe this as a motion for a new trial. Now, do you agree that he can't do that? It wasn't a motion for a new trial. I would say that that was the probably the most accurate – But he stood up and said, I don't want a new trial. Halfway construed as a motion for a new trial, but he says, I don't want a new trial. Again, I think that the district judge was kind of, because of what the defendant was trying to do, was it – the district judge was in the position, as he said, the defendant's basically making half a motion. That was the phrase. So why shouldn't he have just said to him, as I said before, you can't do that. You can make a motion for a new trial, or you can wait until the end and take an appeal, or you can lose. Those are the three options. But you can't stand up here and make a motion that doesn't exist. And the Court could have done that, but I guess the government's position, no matter how you play this out, there's no double jeopardy implication, because it is the defendant that is asking for the conviction to be vacated. However you slice this, there is no double jeopardy. I mean, there are other procedures that could have been used. There are other procedures that actually, quite frankly, would have been less efficient to use. But the Court was confronted with what was admittedly a defective bench trial. The defendant was moving to vacate. The Court granted that motion and set it for a new trial. Kagan. So does your whole argument then turn – suppose the defendant had said nothing, and the trial judge had woken up one day and said, oh, my goodness, I just realized there was no waiver filed for that jury trial. At that point, could the judge have done anything himself? I think at that point, the defendant would – like I said, under double jeopardy principles, it's the defendant that's supposed to be controlling it. So arguably, that might be a problem if it was done. So everything in your view turns on the fact that there was a motion made, a motion to vacate the verdict, although not a motion for a new trial and not a motion for a mistrial. I think that's what makes this case, for double jeopardy purposes, fairly easy to resolve on established double jeopardy. So this is up here on collateral review. Would that mean that if it's not a colorable claim and therefore there is no – you guys even shouldn't even be here on collateral appeal? I'm not sure I understand your question. Well, I mean, you're up here on double – so there's no final judgment, right? Right. So you're up here on collateral. Double jeopardy, you're up here just on the whole issue of double jeopardy collaterally, right, from the main judgment. And the question – one of the – do we have jurisdiction, let me ask you that. Oh, yes. The Court has jurisdiction to address double jeopardy issues if they're colorable. Interlogitorily. If it's colorable. Yes. But your position is they're not colorable. I'm – my position is he does not prevail. Well, is it colorable or not? Because that makes a difference. If you think it's colorable and we agree with you, then we have jurisdiction. If you think it's not colorable and we agree with you, we dismiss the appeal because it's an improper interlocutory appeal. Now, which would you have us do? I would say based on existing double jeopardy law, his claim is not colorable. But then what happens? Okay. I've sat and thought about this very hard. Then what happens, probably, is you have a new trial, there is an appeal, and he probably wins the appeal because the district court, the two things he said he was doing, he couldn't do. He couldn't grant a new trial when there was no motion for a new trial, and he couldn't grant a mistrial after the verdict, so then we have a third trial. Of course, if that's your position, then it would be a colorable claim. Why? Well, basically, you're saying because the court had to do it. Well, it may have been procedurally improper in a – but not a double jeopardy problem. In the end, as you said, any way you slice it, at the end, it might just be, you know, no serious double jeopardy problem. Correct. But it might be not – I mean, I don't see how what he actually did can conform to any of the Federal rules. Okay. But if you – if you approach it from that, you kind of put double jeopardy aside. Yes. Put double jeopardy aside. Okay. If we had an appeal at the end of this case, at the end of the second trial, why doesn't he win? And if he appealed at the end of the case – At the end of the second trial, right, and sentencing. And since there never should have been a second trial because I never moved for a new trial, he had no business ordering one, and couldn't have ordered a mistrial because it was after the verdict, so he had no business ordering that second trial. Okay. In that position, the first verdict would be reinstated and the defendant would still be guilty. First of all, there was no verdict because the jury didn't make the judgment, right? The finding of guilt by the court. The finding of guilt would be reinstated. Is there any authority for the idea that a mistrial can't be declared by the trial court after a judgment of guilt has been entered? I have not – I don't think so. I haven't seen any. I mean, the trial court still has jurisdiction, does it? The mandate hasn't issued. There had been no notice of appeal to ousted of jurisdiction. Right. There was no conviction. Still the trial court. Right. There was no conviction document that was still – no, sentencing hadn't occurred. There was no final judgment entered in this case, actually. But at that stage, it seems like a doing – granting a mistrial, as we use that term during the course of a trial, speaks more to, like, granting a new trial under Rule 33. Of course, again, for double jeopardy purposes, if you view it as a mistrial, again, the analysis is still – is kind of the defendant still in control, and then you have to manifest this at a different point. Let me ask you this. So Judge Berzon raised a suggestion, which is, why don't we just vacate what the district court did and just send this case back? To do it right. Without saying anything. Or saying, you have some options here, but this isn't one of them. The options are, he makes a motion for a new trial, he appeals, or he goes forward with it to the sentence. I would think what is before the Court right now is, I would argue, is simply the double jeopardy issue. Right. But we might think that there was an arguable enough double jeopardy issue, given all of this smoke about whether he had a right to – if you don't – it seems to me that if a judge orders a new trial when he shouldn't be ordering a new trial, there is at least a colorable double jeopardy question. When the defendant has not triggered it. Now, you say he triggered it enough with this, you know, vague notion, but then he got up and said, I don't want a new trial. So why isn't that at least a colorable double jeopardy problem? I – the way I view it is the Court's option is, since it's here in the double jeopardy case, whether the new trial can go forward, is where the claim on this appeal is whether the new trial can go forward or not. And that's kind of a yes or no question. Either the new trial can go forward because there is no double jeopardy, or the new trial can't go forward because there is double jeopardy. So you don't want us to – you don't want us to recharacterize what he's asking for. Correct. Because, I mean, like I said, at the end of the day, no matter what machinations everybody goes through, there are two options. Either the initial finding of guilt is going to stand or there's going to be a new trial. The defendant has clearly indicated he doesn't want the initial finding of guilt to stand, so there has to be a new trial. Okay. Okay. Do you want to add anything further to this discussion? All right. Thank you. That concludes our session for the day. The matter is submitted and will be in recess until – I'll be in recess until tomorrow.
judges: Paez, Berzon, Bea